IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTOPHER HENRY MCCAULEY PLAINTIFF

vs. Civil No. 4:26-cv-04004

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION DEFENDANT

**MEMORANDUM OPINION**

Christopher Henry McCauley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4. Pursuant to this authority, the Court issues this Memorandum Opinion and orders the entry of a final judgment in this matter.

## 1. Background

Plaintiff filed his DIB application on February 12, 2023, alleging disabilities due to hearing loss, post-traumatic stress disorder ("PTSD"), anxiety, obsessive compulsive disorder ("OCD"), and attention deficit hyperactivity disorder ("ADHD"). (Tr. 77).[1] Plaintiff alleged an onset date of April 20, 2022. (Tr. 20). Plaintiff's application was initially denied on April 5, 2024, and upon reconsideration on July 26, 2024. *Id.*

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 6. These references are to the page number of the transcript itself not the ECF page number.

Plaintiff requested an administrative hearing on his denied application, and this hearing was granted. (Tr. 98-147). The hearing was held on January 8, 2025, via online video. (Tr. 20). Plaintiff was present and testified at the hearing. *Id.* Plaintiff's wife, Veronica McCauley ("Mrs. McCauley") as well as Vocational Expert ("VE"), Wilfred Roux, were also present and testified at the hearing. *Id.*

The Administrative Law Judge ("ALJ") entered an unfavorable decision on January 22, 2025. (Tr. 20-30). In this decision, the ALJ determined that Plaintiff had not engaged in substantial gainful activity ("SGA") during the period from his alleged onset date of April 20, 2022, through his date last insured of December 31, 2023. (Tr. 22, Finding 2). The ALJ further determined that Plaintiff had severe impairments of hearing loss, PTSD, generalized anxiety disorder ("GAD"), and adjustment disorder. (Tr. 22, Finding 3). However, despite these impairments' severity, the ALJ determined that those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 23, Finding 4).

After consideration of the record, the ALJ determined Plaintiff's residual functional capacity ("RFC"). (Tr. 24, Finding 5). The ALJ determined Plaintiff, through the date last insured, had the RFC to perform a full range of work at all exertional levels with a few limitations. *Id.* These limitations included: moderate noise environment or lower; occasional interaction with the general public, co-workers and supervisors; and occasional changes to the routine work setting. *Id.*

The ALJ then evaluated Plaintiff's past relevant work ("PRW") and determined Plaintiff had PRW as a police officer. However, the ALJ determined that Plaintiff was unable, through the date last insured, to perform any PRW. (Tr. 28, Finding 6). Though unable to perform PRW, the

ALJ found that Plaintiff was able to perform jobs which existed in significant numbers in the national economy. (Tr. 29, Finding 10). Through the testimony of the VE, the ALJ found that Plaintiff could perform the representative occupations of: (1) custodian with approximately 2,137,730 jobs nationally; (2) dishwasher with approximately 502,280 jobs nationally; and (3) table busser with approximately 410,460 jobs nationally. *Id.* Based upon this finding, the ALJ determined Plaintiff was not under a disability as defined in the Act from April 20, 2022, through December 31, 2023. (Tr. 30, Finding 11).

On January 23, 2026, Plaintiff filed the instant appeal. ECF No. 1. Plaintiff filed his Appeal Brief on April 27, 2026. ECF No. 8. The SSA filed its Appeal Brief on May 5, 2026. ECF No. 9. Accordingly, the matter is now ready for decision.

## 2. **Applicable Law**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox*, 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion</u>**

In his Appeal Brief, Plaintiff raises the following arguments for reversal: (1) that the ALJ's RFC determination was deficient and unsupported by substantial evidence in the record; (2) that the number of positions available as listed by the ALJ and the VE was unsupported; and (3) that the ALJ erroneously weighed the medical evidence and, therefore, did not adequately consider Plaintiff's combined impairments. ECF No. 8.

**A. RFC Determination**

In this matter, the ALJ determined Plaintiff retained the RFC to perform a full range of work at all exertional levels with nonexertional limitations of moderate noise environment or lower, occasional interaction with the others, and occasional changes to the routine work setting. (Tr. 24, Finding 5). Plaintiff argues the ALJ erred in this RFC determination and that a finding of disability is warranted at step four. ECF No. 11, p. 2. This Court concludes substantial evidence supports the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Id*. (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox*, 160 F.3d at 1206. The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC

determination is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id*.

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. (Tr. 24-28). The ALJ considered the results of objective diagnostic tests and examination findings and discussed these in his decision. *Id*. The ALJ also considered the findings of medical consultants and considered Plaintiff's testimony and function reports in assessing his RFC. *Id*.

Beginning with the ALJ's determination that Plaintiff's RFC included a limitation to occasional social interaction, the Court finds this conclusion is well-anchored in the record. The ALJ found persuasive the opinions of Geetanjally Yadav, LPC, and Dr. Mary Fitzgerald, both of whom noted Plaintiff was restricted in social settings due to anxiety and panic disorders. (Tr. 27). Further, the ALJ considered Plaintiff's subjective complaints of irritability and crowd avoidance

and noted that Plaintiff admitted to regularly communicating and spending time with family. (Tr. 23). The ALJ additionally noted that Plaintiff's mental health treatment reported that Plaintiff actively engaged in sessions with calm, normal behavior and intact affect. (Tr. 23, 262–63, 312–25).

In determining the extent of Plaintiff's social limitations, the ALJ pointed to the findings of two State agency psychological consultants who opined Plaintiff could handle routine, superficial interpersonal contact. (Tr. 28). Although the ALJ noted that terms like "superficial contact" are not "vocationally relevantly defined", the ALJ found that the overall need for social restrictions is consistent with Plaintiff's subjective complaints and the medical opinions of his intermittent symptoms. *Id*.

To the extent Plaintiff contends that the hypothetical occupations identified at Step Five are incompatible with a limitation to occasional social interaction his argument fails as a matter of law. As the Commissioner noted, "[a] vocational expert's testimony based on a properly phrased hypothetical question constitutes substantial evidence." *Galloway v. Kijakazi*, 46 F.4th 686, 689 (8th Cir. 2022). Here, the ALJ posed a hypothetical to the VE incorporating all of Plaintiff's age, education, work experience, and RFC limitations. (Tr. 61–62). The VE testified that an individual with such limitations could perform representative light-to-medium occupations existing in significant numbers in the national economy, including custodian, dishwasher, and table busser. (Tr. 29, 61–62). Plaintiff offers no legal authority or vocational evidence to substantiate his speculative theory regarding probationary training demands. Plaintiff's lay speculation cannot overcome the expert testimony of the VE, upon which the ALJ was fully entitled to rely. *Galloway*, 46 F.4th at 689.

The record before the Court indicates the ALJ properly considered Plaintiff's testimony and contradictory medical evidence as to the intensity and persistency of his symptoms. (Tr. 19). This finding was supported by the ALJ's review of the medical record, as well as his reliance on medical consultant opinions which included consultants who determined Plaintiff retained the capacity for work where interpersonal contact is routine but superficial. (Tr. 28, 67-84). As such, substantial evidence supports the ALJ's RFC determination.

Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**B. Number of Available Positions**

For his second argument, Plaintiff claims that the number of positions available as listed by the ALJ and the VE was unsupported. As Plaintiff concedes, there is no caselaw on point to guide this Court in how to proceed in the specific instance that a VE improperly identified an incorrect number of available positions in the national economy. However, the undersigned does find precedent which provides clarity on how to proceed.

Plaintiff does not assert that these positions themselves are not consistent with the hypothetical presented by the ALJ to the VE in light of the Plaintiff's RFC determination. ECF No. 8 at 9. Therefore, as the ALJ's hypothetical was properly formed and presented to the VE, the misrepresentation of the exact numbers of positions in the national economy would constitute harmless error. *See Bonnell v. Astrue*, 650 F. Supp. 2d 948, 961 (D. Neb. 2009) (holding that an ALJ's acceptance of a VE's testimony concerning the jobs of dishwasher and janitor as light work

was harmless error even when the testimony conflicted with the DOT's classifications of such positions as light *and* medium work); *Pearsall v. Massanari*, 274 F.3d 1211, 1220 (8th Cir. 2001) ("The vocational expert's testimony that Pearsall could perform work in the national economy therefore was substantial evidence in support of the ALJ's determination of no disability."); *Miller v. Shalala*, 8 F.3d 611, 613–614 (8th Cir.1993); *Andres v. Bowen*, 870 F.2d 453, 455–56 (8th Cir.1989); *Hayden v. Saul*, No. 4:19-CV-187-SPM, 2020 WL 888002 at *11 (E.D. Mo. Feb. 24, 2020) (collecting cases).

Therefore, the undersigned finds no cause for remand based on the ALJ's reliance on the VE's testimony that jobs which could be performed by Plaintiff existed in significant numbers in the national economy.

### C. Combined Impairments

Finally, Plaintiff lists various clinical observations and subjective reports to argue that his combined impairments warrant greater restrictions. ECF No. 8. This argument misapprehends the standard of review. "While it is not surprising that . . . Plaintiff can point to some evidence which detracts from the Commissioner's determination," when "good reasons and substantial evidence on the record as a whole support the Commissioner's RFC determination," the Court must affirm. *Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017) (citing *Igo v. Colvin*, 839 F.3d 724, 731 (8th Cir. 2016)). "We may not reverse that decision simply because we would have reached a different conclusion than [the Commissioner] or because substantial evidence supports a contrary conclusion." *Id*. at 728 (citing *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014)); *Goff*, 421 F.3d at 789 ("If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Commissioner's] findings, the court must affirm the [Commissioner's] decision.") (citing

*Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001))). Pointing to contrary record evidence invites the Court to, impermissibly, reweigh the record rather than determine whether the ALJ's finding falls within the available "zone of choice." *Cropper v. Dudek*, 136 F.4th 809, 814 (8th Cir. 2025).

As discussed previously, the RFC determination made by the ALJ is supported by substantial evidence within the record. Therefore, the Court will not, and cannot, make a finding contrary to that based merely upon a recitation of conflicting evidence within the record.

**4. Conclusion**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and the decision is **AFFIRMED.**

**ENTERED this 18th day of September 2026.**

/s/ Spencer G. Singleton
Honorable Spencer G. Singleton
United States Magistrate Judge